UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAJ SINGH,

Plaintiff,

v.

SACRAMENTO POLICE, *et al.*,

Defendants.

Case No. 2:26-cv-2228-DJC-JDP (PS)

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiff brings this action against defendants Sacramento Police, A-1 Towing, and Pacific Retreival. I recommend that this action be dismissed for failure to state a claim. I will grant plaintiff's application to proceed *in forma pauperis*, which makes the showing required by 28 U.S.C. § 1915(a).

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's complaint alleges that in December 2025, the Sacramento Police Department found his stolen car and informed him that he could pick it up at A-1 Towing. ECF No. 1 at 4. Plaintiff claims that despite his car only be valued at $500, the A-1 "wanted to charge $800" for the car. He then asked A-1 to "not sell the cars so that he can get the car through Legal process," but that it sold his car anyways. He also alleges that "Pacific Retreival wants to collect more than $1,000."

These allegations are too vague and conclusory to provide defendants adequate notice of the factual basis of plaintiff's claims. Plaintiff does not identify the specific claim or claims he is attempting to assert, and he does not specifically explain how each defendant's actions harmed him. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must

allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim.") (quotations omitted). Accordingly, plaintiff's complaint must be dismissed for failure to state a claim.

Granting plaintiff leave to amend would be futile. Plaintiff has filed numerous complaints in this district—each relying on similarly vague and conclusory allegations—that have been dismissed either for failure to state a claim or lack of subject matter jurisdiction. *See, e.g.*, *Singh v. Lipworth*, 2:26-cv-1610-DJC-SCR ( E.D. Cal. 2026); *Singh v. Rawat*, 2:26-cv-2401-DC-CKD ( E.D. Cal. 2026); *Singh v. City of Placerville*, 2:24-cv-2454-DAD-JDP ( E.D. Cal. 2024); *Singh v. City of Elk Grove*, 2:24-cv-2455-KJM-JDP ( E.D. Cal. 2024); *Singh v. City of Placerville*, 2:23-cv-0054-DAD-KJN (E.D. Cal. 2023); *Singh v. City of Elk Grove*, 2:23-cv-0052-DAD-CKD (E.D. Cal. 2023); *Singh v. City of Elk Grove*, 2:23-cv-0057-TLN-CKD (E.D. Cal. 2023); *Singh v. Internal Revenue Service*, 2:23-cv-0053 (E.D. Cal. 2023); *Singh v. Fernandes*, 2:15-cv-2663-MCE-CKD (E.D. Cal. 2015).

Here, the complaint should be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Accordingly, it is hereby ORDERED that plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

Further, it is RECOMMENDED that:

1. Plaintiff's complaint, ECF No. 1, be DISMISSED without leave to amend for failure to state a claim; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: July 13, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE